HAROLD F. THOMPSON, as Administrator, etc., of WILLIAM BENJAMIN THOMPSON, Deceased, Plaintiff, *v.* INTERNATIONAL HARVESTER COMPANY OF AMERICA, Defendant.

Supreme Court, Albany County, November 7, 1931.

*James H. Hyer*, for the plaintiff.

*Walter S. Archibald*, for the defendant.

*Ainsworth & Sullivan* [*John J. Conners* of counsel], for Joseph Quintana, the proposed defendant.

McNAMEE, J.   Plaintiff's intestate was employed by the proposed defendant Joseph Quintana, and in the course of his employment received injuries from which he died, when the motor truck of Quintana on which the intestate was employed collided on the highway with the motor truck of the defendant.   The plaintiff, pursuant to the provisions of the Workmen's Compensation Law, has evidenced his election to pursue his remedy at common law against the third party, the defendant, before pressing his claim against his employer under that statute.

The defendant moves to bring in as a defendant the employer, Quintana, contending that his negligence caused the death in question, and that, if he is not solely responsible, in any event he is a joint tort feasor; and defendant asserts the further right, under section 211-a of the Civil Practice Act, to have contribution from Quintana if both should be found guilty of negligence causing intestate's death.   The application is opposed by the plaintiff, because he may find it to his advantage later to press his claim

against Quintana under the provisions of the Workmen's Compensation Law; and it is opposed by the proposed defendant, because he is an employer, and, as he contends, making him a party here would enlarge his liability beyond that contemplated by the statute.

Section 10 of the Workmen's Compensation Law imposes upon an employer within the terms of the statute the obligation to secure compensation for his employees in case of disability or death from injury arising out of and in the course of the employment. And section 11 of that law makes this liability of the employer to the employee an exclusive one, and a substitute for all other liability to any one on account of such injury or death, with certain exceptions not applicable here. There is no claim here that the proposed defendant Quintana did not insure his employees, or did not bring himself within the provisions of the Workmen's Compensation Law; the law requires him to do so, and a compliance with the law will be presumed when the contrary is not shown. Against such an employer the employee has no cause of action at common law, as has been held in numerous decisions construing section 11 above mentioned; and none is alleged or claimed here by the plaintiff. The pleadings were not submitted, and the moving papers of the defendant make no claim for damages against the proposed defendant, and state no facts to justify such a claim. The defendant seeks only to make the employer a defendant for the purpose of showing his responsibility for the death of the intestate, and his liability to pay all damages or to contribute to the payment of any damages that might be recovered in the action.

Since the employer has no liability to the plaintiff in a common-law action, no damages could be assessed against him; and bringing him in would be an empty gesture. The motion must be denied, with ten dollars costs to plaintiff.

Enter an order accordingly.